| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | TODD A. PICKLES<br>ROSANNE L. RUST |
| 3 | Assistant United States Attorneys<br>501 I Street, Suite 10-100 |
| 4 | Sacramento, CA 95814<br>Telephone: (916) 554-2700 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID SUN,<br><br>　　　　　　　Defendant. | CASE NO. CASE NO. 2:17-CR-00223 KJM<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

### STIPULATION RE: DISCOVERY

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate and jointly request the Court entered the following protective order ("Order"):

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. The discovery produced or to be produced by the United States in this case includes materials that contain personally identifying information of third parties.

3. The counsel of record for defendants shall not provide or disclose any of the discovery in this case, including the contents thereof, to any person other than attorneys, law clerks, paralegals, secretaries, experts, investigators or others involved in the representation of the defendant, as well as the Court and its staff and personnel as discussed below.

4. Counsel for the defendant shall not provide a copy of the discovery produced by the United States in this case to the defendant. Counsel for the defendant may discuss with the defendant the contents of the items contained in discovery, and may review the items contained in discovery with the defendants, provided such review occurs in the presence of counsel and/or others involved in the representation of the defendants.

5. The defendant expressly agrees he may not obtain, keep, or possess any copies of the discovery produced by the United States in this case, and that he may not obtain or use, in any way, any personally identifying information that is contained in or derived from the discovery provided by the United States in this case.

6. The discovery and information contained therein may only be used in connection with the litigation of this case and for no other purpose. At the conclusion of the case, including after any appeal or collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, is decided, counsel for the defendants will either return to the United States all discovery, including any copies provided to the defendant, or certify that it has been shredded or otherwise destroyed.

7. Counsel for the defendants will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this stipulation and order.

8. If counsel releases custody of any of the discovery, or authorized copies thereof, to any person described in paragraph (3), other than the Court and its personnel, counsel shall provide such recipients with copies of this Order and advise that person that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, that it must be maintained in a secure location, and that an unauthorized use, disclosure, or dissemination of the discovery may constitute a violation of law and/or contempt of court.

9. In the event that any of the defendants obtain new or additional counsel, current counsel for that defendant will withhold the discovery from new or additional counsel unless and until the new or additional counsel agrees to be bound by this Stipulation and Order.

10. Counsel for the defense shall be responsible for advising the defendant and other members of the defense team of the contents of this Stipulation and Order.

11. The defense is permitted to prepare transcripts or summaries of the discovery. Any such derivative products of the discovery will be subject to the terms of this Stipulation and Order, except that, to the extent such summaries or transcripts are considered to be the work product of the defense counsel, such work product does not need to be returned to the United States at the conclusion of the case but shall remain in the possession of the counsel who asserts work product.

12. Nothing in this Stipulation and Order precludes or prevents any party from using any discovery in furtherance of this case, including seeking to admit any of the documents as evidence at trial or in other hearings, or filing with the Court any documents in relation to any motion or other matter submitted to the Court.

13. In the event that any party intends to file on the public docket any of the items covered by this Protective Order, that party shall notify all other parties no less than twenty-four hours in advance of filing to permit the other parties the opportunity to determine whether they will request the documents be filed under seal. In the event that no party responds within twenty-four hours, it shall be deemed that no party opposes the filing of any document on the public docket. To the extent that any party believes that the document should be filed under seal, it shall be the burden of that party to so request the Court consistent with the Court's local rules.

14. All parties shall ensure that they comply with the Court's Local Rules regarding redaction of personally identifying information, including with respect to any item covered by this Protective Order.

IT IS SO STIPULATED.

Dated: March 22, 2018                             McGREGOR W. SCOTT
                                                  United States Attorney

                                                  */s/ Todd A. Pickles*
                                                  TODD A. PICKLES
                                                  ROSANNE L. RUST
                                                  Assistant United States Attorneys

Dated: March 15, 2018

                                                  */s/ Patrick Hanly*
                                                  PATRICK HANLY, ESQ.
                                                  Counsel for Defendant David Sun

## ATTESTATION

I, defendant __David Sun__, attest that I have read the foregoing stipulation and proposed protective order and have carefully reviewed and discussed this with my counsel. I understand each and all of its terms and voluntarily agree to abide by them. I acknowledge that once the Court enters this proposed protective order, any violation may subject me to contempt of court as well as may affect my pretrial release status, including that I may be remanded into custody.

Dated: March 21, 2018                                   */s/ David Sun*

**FINDINGS AND ORDER**

Dated: March 22, 2018

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE