UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-cr-00223-KJM |
| Plaintiff, | ORDER |
| v. | |
| DAVID SUN, | |
| Defendant. | |

In the operative indictment in this case, the United States charged defendant with several fraud-related crimes arising out of an alleged conspiracy to falsify commercial driving license examination results in the database maintained by the California Department of Motor Vehicles (DMV). *See* Superseding Indictment, ECF No. 29.[1] Defendant has filed three motions in limine, ECF Nos. 68, 69, 72, and the government has filed two motions in limine, ECF No. 70–71; several of the parties' motions overlap significantly. After hearing oral argument on the motions, the court issued tentative rulings on the motions, and confirms those rulings here.

/////

/////

---

[1] The court acknowledges the government's notice of dismissal of certain counts filed since hearing on the motions in limine. ECF No. 94. The dismissal does not appear to affect resolution of the motions addressed by this order.

1

I. <u>BPPE Records (Defendant's Motion in Limine No. 1 & Government's Motion in Limine No. 1)</u>

The government moves for a preliminary ruling on the admissibility of three documents collectively termed the Bureau for Private Post-Secondary Education (BPPE) records: one formal Application for Verification of Exempt Status filed with the BPPE (signed October 15, 2014), what appears to be a cover letter to the application (dated October 8, 2014), and a letter to BPPE stating defendant wishes to surrender his BPPE approval (internally dated Sept. 3, 2014), all purportedly signed by the defendant. *See* Pl.'s Mot. in Lim. No. 1, ECF No. 70; *id.* Exs. 1–2, ECF Nos. 70-1–70-2. In both letters, defendant states he will not charge students more than $2,500 for his services and that he will ask his students to pay in cash. *Id.*, Exs. 1–2. The government argues these records are relevant to show defendant's identity as the sole proprietor of the business named in the application, Commercial Driver Institute USA, and to corroborate students' testimony that defendant charged them in cash and he controlled the amount they were charged. *Id.* at 10–11.

Defendant opposes, ECF No. 77, and also moves to exclude the two letters, arguing the statement that defendant will not charge his students more than $2,500 for instruction is unduly prejudicial and impermissible evidence of a prior bad act, Def.'s Mot. in Lim. No. 1, ECF No. 68. Defendant's argument anticipates the government will introduce testimony from at least some of defendant's students that he charged more than $2,500. *Id.* at 2. Defendant argues specifically that evidence of the representation he made to the BPPE is therefore prejudicial because it is evidence that defendant violated an agreement with a state agency, a prior bad act which is unrelated to the charges in this case. Def.'s MIL No. 1 at 1; *see also* Superseding Indictment, ECF No. 29. Therefore, he says, the letters should be excluded as impermissible evidence of prior bad acts under Federal Rule of Evidence 404 and because the prejudice from their admission outweighs their probative value under Federal Rule of Evidence 403. *Id.* at 2.

The application and related letters to the BPPE are not hearsay under Federal Rule of Evidence 801(d)(2)(A) as they are out-of-court statements by the defendant, assuming

2

defendant's signature on the three documents is authenticated at trial. *See* Fed. R. Evid. 801(d)(2)(A). Though defendant offers stipulations as a way of diminishing, if not eliminating, the government's need to present the records at trial, the Supreme Court has endorsed the "accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away [as] rest[ing] on good sense." *Old Chief v. United States*, 519 U.S. 172, 189 (1997). Here, the records appear probative of relevant issues in this case. On the current record, the court cannot conclude the single sentence in each of the two letters articulating defendant's commitment to charging no more than $2,500 is more prejudicial than probative under Rule 403 such that the letters should be excluded. The government represents it will only use the letters for a permissible purpose under Rule 404, namely for the purpose of proving the defendant's identity and to show he had control over how much he charged his students as well as to establish a chronology of events. *See* Fed. R. Evid. 404(b)(2) (permitting evidence of a prior bad act for a purpose such as proving identity). Therefore, defendant's first motion in limine is DENIED without prejudice. The government's first motion in limine is GRANTED with respect to the admissibility of the BPPE records covered by the motion. The court will entertain a proposed limiting instruction in connection with the records to clarify the purposes for which they are offered, to be provided by the government or the parties jointly by the first day of trial.

II. <u>Casino Records (Defendant's Motions in Limine Nos. 2, 3 & Government's Motion in Limine No. 1)</u>

In its first motion in limine, the government also moves for a preliminary determination that records of defendant's gambling activity at Graton Casino in Rohnert Park, ECF No. 70-3, are admissible to corroborate testimony that defendant accompanied his students to the Santa Rosa area for their licensing tests, and that he was in possession of large amounts of cash on those days, cash which the government presumes defendant received from his students. Pl.'s Mot. in Lim. No. 1 at 8. The government also argues, without further evidence, that the casino records are relevant and probative, because they purportedly will show that on six separate

dates defendant was at the Graton Casino at the same time as a former DMV employee who allegedly aided defendant in defendant's commission of the charged crimes. *Id.*

Defendant opposes, ECF No. 77, and moves to exclude any evidence of defendant's presence at the Graton Casino or his possession or use of cash at the casino. Def.'s Mots. in Lim. 2, 3, ECF Nos. 69, 72. Defendant argues the prejudice of this evidence outweighs its probative value, because it paints the defendant as a gambler, which has the potential to carry a negative stigma in the eyes of some jurors. He also argues that any evidence of gambling is irrelevant given that the crimes with which defendant is charged are not related to gambling. *See* Def.'s Mot. in Lim. 3 at 2. When pressed at hearing on the latter point, the government effectively conceded the nature of the charges as not financial, but maintained its position that the records are relevant and probative on the question of defendant's location on certain dates, his proximity to the former DMV employee and his possession of cash corroborating the testimony the government expects defendant's former students to provide.

Courts have admitted evidence of a defendant's gambling addiction or gambling debts, but where the risk of prejudice is outweighed by its probative value, particularly where the evidence is used to show motive to commit a financial crime. *See United States v. Thorpe*, No. 97-5078, 1998 WL 738624 (6th Cir. 1998) (unpublished) (affirming admission of evidence of defendant's gambling activities to support prosecution's theory that defendant's motive for bid-rigging fraud was to bankroll his gambling addiction); *see also United States v. Zogheib*, No. 216CR00057LRHVCF, 2018 WL 2278259, at *4 (D. Nev. May 17, 2018) (admitting state conviction for writing fraudulent checks to casinos, in part to show his gambling addiction was motive for defrauding individuals into lending him funds). Here, defendant is not charged with a financial crime or a crime otherwise linked to gambling; the fact that he appears to have gambled a number of times on the same day his students took their driving tests does not appear probative of his motive or otherwise.

Given the highly prejudicial nature of records showing defendant gambled with large sums of cash on a number occasions, and the evidence's relatively low probative value if used only to show defendant's location and possession of cash, the court finds the evidence here

is not admissible under Rule 403. *See* Fed. R. Evid. 403. As the government noted, it may well be able to establish defendant's proximity to the former DMV employee on critical dates in another manner that does not disclose the location as a casino. For these reasons, defendant's second and third motions in limine are GRANTED. The balance of the government's first motion in limine is DENIED without prejudice.

III. <u>Live Interpretation of Audio-Recorded Interviews (Government's Motion in Limine No. 2)</u>

The government moves to preclude defendant from calling a certified interpreter to perform real time interpretation of audio-recorded interviews of defendant's students, conducted in Mandarin and Cantonese. Pl.'s Mot. in Lim. No. 2, ECF No. 71, 73, 76.[2] In his opposition, ECF No. 78, defendant explains he seeks to call a qualified interpreter as a witness to translate, in the presence of the jury, portions of the audio recordings to the extent needed to impeach the student witnesses, if the students' testimony at trial is inconsistent with statements they made in their prior interviews. Opp'n to Pl.'s Mot. in Lim. No. 2 at 1–2. The interviews have not previously been transcribed or formally interpreted in full, so there is no extant document reflecting the interviews' content. At most, defense counsel has hired the interpreter to review the interviews, as well as law enforcement agents' reports based on the interviews; the interpreter then has provided defense counsel with bullet point summaries of portions of the interviews that appear to diverge from the contents of the agents' reports. *See, e.g.,* Second Suppl. To Pl.'s Mot. in Lim. No. 2, Ex. 1, ECF No. 76, at 6. As he clarified at hearing, counsel proposes that once a student witness has testified, he have the interpreter assist him in identifying those portions of the audio-interview with which counsel is familiar and which provide a basis for impeachment of the student witness during any defense case-in-chief. Counsel would then call the interpreter during defendant's case-in-chief and ask him to interpret only those portions for the jury.

The government argues defendant's proposed method of introducing prior inconsistent statements for the purpose of impeachment would violate Federal Rule of Evidence

---

[2] The government supplemented its original motion twice, as the parties further narrowed the issues in dispute. ECF Nos. 73, 76.

613, because the method does not fulfill the defense obligation to disclose the contents of the prior inconsistent statement to the government prior to introducing it. *See* Fed. R. Evid. 613(a).[3] In particular, the government notes, without an advance copy of a transcription it will be unable to have its own interpreter check the interpretation offered by defendant's interpreter for accuracy, and raise any disputes to the court to resolve before defendant's interpreter takes the stand. Second Suppl. To Pl.'s Mot. in Lim. No. 2, ECF No. 76, at 3 (citing *Great West Casualty Co. v. Rodriguez-Salas*, 436 F. App'x 321, 325 (5th Cir. 2011)). The absence of a written document under these circumstances also would significantly hamper, if not entirely preclude, the court's ability to meaningfully police any dispute. *See id.* at 2–3.

The court is persuaded by the government's arguments that, particularly given the added layers interposed by the necessity of interpreting the students' audio-interviews to allow their use for impeachment, the defense will be unable to comply with Rule 613 if it is allowed to follow its proposed procedure. Moreover, as noted, defense counsel represents he intends to conduct his examination of the translator during his case-in-chief, not during cross-examination of the student witnesses during the government's case-in-chief. In this scenario, Rule 16's requirement of disclosing to the opposing party all the evidence defendant intends to use in his case-in-chief applies to the portions of the audio recordings the defense may attempt to introduce. *See* Fed. R. Crim. P. 16(b)(1)(A)[4]; *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho 2014) (defendants have duty to produce any exhibits they intend to use in their case-in-chief and

---

[3] "Showing or Disclosing the Statement During Examination. When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney." Fed. R. Evid. 613(a).

[4] "If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
   (i) the item is within the defendant's possession, custody, or control; and
   (ii) the defendant intends to use the item in the defendant's case-in-chief at trial."
Fed. R. Crim. P. 15(b)(1)(A).

"during cross examination of a government witness other than for impeachment purposes"; defendant had to identify "specific" documents and could not avoid this requirement because it intended to use documents in possession of government).

For this reason, the court GRANTS the government's motion to preclude defendant's use of the interpreter as described in his motion and opposition and clarified at hearing. As discussed at hearing, defendant is not barred from using the contents of the students' audio-interviews for impeachment if he first procures a transcription with interpretation of those portions of the interviews he may need to use at trial, and then discloses the interpretation sufficiently in advance to allow the government's review and an opportunity to raise any issues with the court before defendant seeks to introduce the statements in court.

IT IS SO ORDERED.

DATED: August 29, 2019.

_____
UNITED STATES DISTRICT JUDGE